UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE VALENTINE,

    Petitioner,                                  Civil No. 2:22-CV-12323
                                                  HONORABLE SEAN F. COX

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION (ECF No. 6) TO HOLD BRIEFING IN ABEYANCE PENDING THE SUPREME COURT'S DECISION IN *JONES v. HENDRIX*, S. Ct. No. 21-857.**

Tyrone Valentine, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), arising from his conviction in the United States District Court for the Eastern District of Missouri to being a felon in possession of ammunition, 18 U.S.C. § 922(g).

The United States Attorney has moved to hold briefing in abeyance in this case pending a decision by the United States Supreme Court in *Jones v. Hendrix,* No. 21-857. In *Jones*, the Supreme Court granted certiorari to resolve a circuit split on whether federal prisoners like petitioner may seek habeas relief to challenge their federal convictions or sentences using the saving clause in 28 U.S.C. § 2255(e). *Jones* was argued at the beginning of November, 2022. The United States Attorney argues that the Supreme Court's decision in *Jones* should clarify whether and to what extent petitioner may challenge his status as an Armed Career Criminal in a habeas petition. As the United States Attorney notes, the scope of the saving clause in 28 U.S.C. § 2255(e)

1

is jurisdictional and is thus a threshold question that must be resolved before this Court could reach the merits of the habeas petition. *See Taylor v. Owens*, 990 F.3d 493, 496–500 (6th Cir. 2021).

A federal court has "broad discretion" to stay its proceedings pending the resolution of an independent proceeding occurring in another forum. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Federal courts in particular have the power to hold a habeas petitioner's case in abeyance pending the resolution by the Supreme Court of a legal issue in another case that could affect the disposition of the legal issues in a petitioner's case. *See Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014).

The Court will hold briefing in abeyance pending a decision by the Supreme Court in the *Jones* case. Respondent shall file an answer to the petition for a writ of habeas corpus within sixty days of the Supreme Court's decision in *Jones*. Petitioner shall have forty five days after the answer is filed to submit a reply brief, if he so chooses.

**IT IS HEREBY ORDERED** that the motion to hold briefing in abeyance is **GRANTED.**

Dated: December 14, 2022
s/Sean F. Cox
Sean F. Cox
U. S. District Judge