UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE VALENTINE,

    Petitioner,                             Civil No. 2:22-CV-12323
                                                  HONORABLE SEAN F. COX

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tyrone Valentine, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), arising from his conviction in the United States District Court for the Eastern District of Missouri for being a felon in possession of ammunition, 18 U.S.C. § 922(g). Respondent filed a motion to dismiss the petition on the ground that the Court lacks subject matter jurisdiction over the case. For the reasons that follow, the motion is GRANTED, and the petition is DISMISSED.

### I. Background

Petitioner pleaded guilty in the United States District Court for the Eastern District of Missouri to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court applied the Armed Career Criminal Act (ACCA) and imposed the statutory minimum of 15 years in prison and 3 years of supervised release.

Petitioner's conviction and sentence were affirmed on appeal. *United States v. Valentine*, 637 F. App'x 961 (8th Cir. 2016); *cert. den.* 580 U.S. 849 (2016).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 before his sentencing judge. The judge summarily denied all but one of petitioner's claims and ordered an evidentiary hearing on petitioner's ineffective assistance of counsel claim. *See Valentine v. United States,* No. 4:17CV02475 ERW, 2018 WL 4282639 (E.D. Mo. Sept. 7, 2018). Following an evidentiary hearing, the judge denied petitioner's remaining ineffective assistance of counsel claim. *Valentine v. United States*, No. 4:17CV02475 ERW, 2020 WL 1083630 (E.D. Mo. Mar. 6, 2020); *app. dism.* No. 20-1929, 2020 WL 6440651 (8th Cir. Sept. 28, 2020); *cert. den.* 141 S. Ct. 2728 (2021).

Petitioner subsequently filed a motion in the United States Court of Appeals for the Eighth Circuit for permission to file a successive motion to vacate sentence in order to bring the claim that he now brings in his current petition, namely, that his prior state conviction for First-Degree Assault-Attempt to Kill no longer qualifies as a predicate felony offense that could be used to enhance his current federal sentence under the Armed Career Criminal Act in light of the United States Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), which held that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). The Eighth Circuit denied petitioner permission to file a successive motion to vacate sentence. *Valentine v. United States,* No. 22-2372 (8th Cir. Aug. 24, 2022).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner again challenges the validity of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), claiming that his prior Missouri felony conviction no longer qualifies as a predicate offense under the ACCA based on the Supreme Court's decision in *Taylor.*

Respondent filed a motion to dismiss the petition on the ground that this Court lacks subject matter jurisdiction over the case.

## II. Discussion

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303. Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) to expire. *Charles,* 180 F.3d at 758.

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

The Sixth Circuit for years has held that a federal prisoner could not raise a challenge to his sentence under 28 U.S.C. § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011); *See also United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). The Sixth Circuit, however,

3

modified this rule in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), by holding that a federal prisoner may challenge his sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.,* at 599-600.

*Hill v. Masters* is no longer good law. The United States Supreme Court recently held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation [by the Supreme Court] to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 143 S. Ct. 1857, 1864 (2023). In so ruling, the Supreme Court noted:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

*Jones*, 143 S. Ct. at 1869.

Therefore, if a federal prisoner wishes to challenge his conviction or sentence, he must comply with the limitations set out in § 2255(h). *Jones*, 143 S. Ct. at 1869.

Petitioner's § 2241 petition, which seeks relief based on the Supreme Court's holding in *Taylor*, a case of statutory interpretation, is foreclosed by the Supreme Court's holding in *Jones*. *See Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, at *2 (6th Cir. Sept. 12, 2023); *see also Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *1-2 (6th Cir. Aug. 23, 2023)(petitioner could not use § 2241 to claim that his prior third-degree burglary convictions and a prior attempted-

4

murder conviction were not proper predicate offenses for the ACCA enhancement because they no longer qualify as "violent felonies" under *Taylor*). Petitioner is not entitled to relief because his § 2241 petition amounts to an improper "end-run around AEDPA." *Jones v. Hendrix*, 143 S. at 1868. Accordingly, the Court dismisses the petition because it lacks subject matter jurisdiction over the case. *Birtha v. Gilley*, 2023 WL 6052516, at *2.

The petition for a writ of habeas corpus is dismissed. A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must nonetheless obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

This Court lacks subject matter jurisdiction over petitioner's claims; thus, any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

### III. **ORDER**

Based upon the foregoing, IT IS ORDERED that:

(1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

(2) Petitioner will be DENIED leave to appeal *in forma pauperis*.

Dated: October 20, 2023

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on October 20, 2023, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager